1 | Michael J. Petitti, Jr. – 011667
Paige C. Pataky – 029951
2 | SHIELDS PETITTI, PLC
5090 N. 40th Street, Suite 207
3 | Phoenix, Arizona 85018
Telephone: (602) 718-3330
4 | Facsimile: (602) 675-2356
E-Mail: mjp@shieldspetitti.com
5 | E-Mail: pcp@shieldspetitti.com
E-Mail: docket@shieldspetitti.com
6 |

7 | Attorneys for Plaintiff

8 |
9 | **IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**
10 |

11 | Chad Drexler,                              No.

12 |                    Plaintiff,
                                            **COMPLAINT**
13 |          v.

14 | City of Avondale, a municipal corporation,

15 |                    Defendant.

16 |

17 | Plaintiff Chad Drexler ("Plaintiff") for his cause of action against Defendant alleges:

18 | **GENERAL ALLEGATIONS**
19 | **(Parties and Jurisdiction)**

20 |         1.     Plaintiff is a resident of Maricopa County, State of Arizona and has been at all

21 | relevant times.
22 |

23 |         2.     Defendant City of Avondale ("Defendant") is a municipal corporation located

24 | in Maricopa County, Arizona.  At all times material herein, Defendant was a "person" within

25 | the meaning of 42 U.S.C. § 1983 and was an "employer" within the meaning of 42 U.S.C. §

26 |

27 | 2000e(b).

28 |

1208816.1

3.  Defendant has committed actions and caused events to occur in the State of Arizona, which are the foundation of this action and out of which this action arises. Accordingly, jurisdiction and venue are proper in this Court.

**(Nature of Action)**

4.  This is an action brought by Plaintiff to vindicate violations of Title VII of the Civil Rights Act ("Title VII") and his Constitutional free speech and right to association rights.

**(Jury Demand)**

5.  Pursuant to Rule 38 of the *Federal Rules of Civil Procedure*, Plaintiff demands a trial by jury of any issue triable of right by jury.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

6.  Plaintiff has been employed by Defendant's Police Department since May 2013 as a sworn police officer. At all times, he has performed with distinction, competence and to Defendant's benefit. He received numerous oral and written commendations from management and the general public, as well as increased responsibility, pay and other benefits.

7.  In this regard, in approximately November, 2018, Plaintiff tested for and was awarded the position of Rangemaster. The Rangemaster provides firearm instruction to department employees, assists with training at any Academy within the State of Arizona and

2

1208816.1

educating the community during events such as the Citizens Academy. Although the position does not include additional pay, it does require additional assignments and responsibilities. It is considered a prestigious position that is helpful to an officer's career growth.

8.     Plaintiff was President of the Avondale Police Association ("Association") from September, 2016 to January, 2019. The Association's purpose is the mutual protection and advancement of the interest of its police officer members.

9.     As Association President, Plaintiff regularly communicated with Police Chief Dale Nannenga and Department management, City Manager and City Council regarding labor relations concerns, including safety, inconsistent disciplinary practices, operations, hiring practices, racial disparity in hiring, work conditions, training needs and Association member specific concerns.

10.    Defendant's Police Department, and, in particular, Chief Nannenga has a reputation for being anti-union and retaliating against individuals who raise concerns about Department practices and policies.   In fact, Defendant and its agents would communicate directly with Association members to disparage Plaintiff.

11.    In approximately 2015, Plaintiff met his biological father for the first time. Plaintiff's biological father is African American. After meeting his father, Plaintiff contacted Defendant's Human Resources Department and asked them to update his profile ethnicity as African American because he noticed that he was listed as a white male. Plaintiff also had a

3

1208816.1

meeting with Police Chief Nannenga and his biological father relating to an Association diversity training: Bridging the Community Divide.

12.    In approximately August, 2017, Plaintiff, on behalf of the Association, expressed his concerns with the Defendants' ethnic hiring disparity in a meeting with Police Chief Nannenga.  He also issued public records requests relating to the ethnic makeup of Defendant Avondale and the Department around the same time.

13.    Unfortunately, Plaintiff began to experience significant changes in the terms and conditions of his employment after providing notice to Defendant regarding his ethnicity and raising his concerns about the racial disparity in hiring.  For example, he began to be held to more vigorous testing standards than others.  He was subjected to an oral board, a firearms qualification and an impromptu presentation before he was permitted to teach as a firearms instructor, despite already being certified.  Subsequent Caucasian applicants, however, simply had to submit a memorandum of interest.

14.    Then, on May 1, 2019, without notice and any performance issues by Plaintiff, Defendant removed Plaintiff from the Rangemaster position and replaced him with a white male.  The employee who held the position before Plaintiff was also a white male.

15.    Plaintiff received notice of an internal affairs investigation related to an inadvertent email he sent to Association members on approximately September 18, 2019. His email indicated that Chief Nannenga had authorized members to attend two upcoming

4

1208816.1

Association meetings even if they were on duty.  This was a mistake and was based on Plaintiff simply misunderstanding a communication.

16.     Merely hours after realizing his mistake, Plaintiff sent a retraction email to members.  He also informed Chief Nannenga through another Association Executive Board member that Plaintiff misunderstood the information communicated and had taken steps to rectify his mistake.  No on-duty members attended the meeting.  In addition, until Plaintiff became President of the Association, the Department permitted Association members to attend Association meetings while on duty.  However, this simple misunderstanding was mischaracterized by Defendants and turned into an internal affairs investigation accusing Plaintiff of an integrity violation.

17.     On September 24, 2019, Plaintiff timely filed a charge of race and retaliation discrimination with the Equal Employment Opportunity Commission (EEOC).  On January 19, 2021, Plaintiff received a Notice of Right to Sue.  (A copy is attached as Exhibit 1).

18.     Plaintiff is damaged by Defendant and its agents' conduct, herein alleged, including, without limitation, damage to his reputation, pain and suffering and economic losses, such as loss of out of class pay, lost sick time and medical expenses.

19.     The willful and wanton misconduct on the part of Defendant is such that it justifies an award of punitive damages.

20.     All allegations of this Complaint are incorporated into each claim for relief in

5

1208816.1

this Complaint.

## FIRST CLAIM FOR RELIEF
### (Sex and Retaliation Discrimination)

21.     The acts, policies and practices of Defendant, as alleged herein, violate Title VII's sex and retaliation discrimination provisions.  The grounds and reasons offered by Defendant for its actions were false and pretextual.

22.     Plaintiff timely filed a charge of sex and retaliation discrimination. The EEOC issued its Notice of Right to Sue and Plaintiff has timely filed this charge. (Exhibit 1).

23.     Plaintiff is damaged by Defendant's violations of Title VII as hereinabove alleged or as proven at trial.

## SECOND CLAIM FOR RELIEF
### (Violation of 42 U.S.C. § 1983)

24.     Plaintiff's right of association was protected by the First and Fourteenth Amendments to the United States Constitution pursuant to *42 U.S.C. § 1983*.

25.     Plaintiff, as Association President, was a leader of and actively participated in the Association and its related activities involving matters of public interest and concern.

26.     The actions described above deprived Plaintiff of rights, privileges and immunities provided by the United States Constitution, including, but not limited to, depriving Plaintiff of his free speech rights and his right to association.

27.     In doing the acts alleged above, Defendant acted under the color of State Law,

6

1208816.1

i.e., the unlawful acts were done while Defendant was purporting or pretending to act in the performance of official duties and constitute abuse or misuse of power or authority, or alternatively, was acting under color of authority and beyond the scope of its duties but with knowledge and consent.  Defendant's actions were unprivileged and not subject to any immunity.

28.    Defendant knew or should have known the above alleged conduct violated Plaintiff's clearly established constitutional rights.

29.    The grounds and reasons offered by Defendant for its actions were false and pretextual.

WHEREFORE, Plaintiff respectfully requests judgment in his favor as follows:

A. For all injunctive and declaratory relief necessary, including a declaration that Defendant's conduct violated Title VII and *42 U.S.C. § 1983* and enjoining Defendant from conduct violating Plaintiff's rights;

B. For actual, consequential and incidental damages as alleged herein or as proven at trial;

C. For an order reinstating Plaintiff to Rangemaster with rank and all job duties, seniority, compensation, benefits and rights of employment he enjoyed prior to the demotion and requiring Defendant to expunge and correct all files to reflect that Plaintiff was not demoted and removal of all internal affairs investigation documents;

D. For punitive damages;

E. For attorneys' fees and costs incurred in this matter pursuant to Title VII, 42 U.S.C. § 1988 and any other applicable statute, rule or regulation;

1208816.1

1    F. For interest on each such element of damage, cost or attorneys' fees at the

2    highest legal rate from the date such damage, cost or attorneys' fees was incurred until paid;

3    and

4    G. For such other and further relief as the Court deems just and proper.

5

6

7    DATED this 15th day of April, 2021.

8                                        SHIELDS PETITTI, PLC

9

10

11                                       By /s/ Michael J. Petitti, Jr.
                                            Michael J. Petitti, Jr.
                                            Paige C. Pataky
12                                          5090 N. 40th Street, Suite 207
                                            Phoenix, Arizona 85018
13                                          Attorneys for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                              8

28
1208816.1